Charles Moore, as Administrator, etc., of Daniel Wesley Moore, Deceased,. Respondent, v. The Prudential Insurance Company of America, Appellant.

*Second reversal for failure to show new facts.*

Appeal by the defendant from a judgment in favor of the plaintiff, and also from an order denying the defendant's motion for a new trial.

PER CURIAM: An examination of this case shows that the same facts were established upon the second trial as appeared on the first trial, and were considered by us on the first appeal, and that there is no evidence on this trial discrediting such facts or in any manner tending to change or explain their significance; that the same conclusions must be drawn from them now that were then drawn from them, and for that reason this judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event. (For the case on the former appeal see 92 App. Div. 135.) All concurred, except Smith, J., dissenting; Houghton, J., not voting, not being a member of this court at the time this decision was handed down. Judgment and order reversed and new trial granted, with costs to appellant to abide event.

Walter H. Ayers, Respondent, v. Grand Lodge of the Ancient Order of United Workmen of the State of New York, Appellant.— Judgment affirmed, with costs,. on the authority of *Evans* v. *Southern Tier Masonic Relief Association* (182 N. Y. 453). All concurred, except Smith, J., dissenting; Houghton, J., not voting,. not being a member of this court at the time this decision was handed down.

Christopher F. Droms v. The New York Central and Hudson River Railroad Company.— Motion denied.

George Fish, an Infant, by George Burns, His Guardian ad Litem, v. The Waverly Electric Light and Power Company.— Memorandum amended so as to provide that the exceptions taken by plaintiff upon the trial of this action be and the same are overruled and the plaintiff's motion for a new trial denied, and. judgment directed to be entered upon the order of nonsuit in favor of the defendant and against the plaintiff dismissing the complaint in the above-entitled action, with costs, and with costs of motion for a new trial in this court.

Hudson River Water Power Company v. Glens Falls Portland Cement Company and Glens Falls Gas and Electric Light Company.— The decision of the court is amended so as to read: This court holds that the finding of the Special Term, that the contract was terminated, is not supported by the evidence. The judgment is, therefore, modified so as to provide that the complaint be and the same is dismissed upon the ground that at the time of the commencement of this action no cause of action had arisen in behalf of the plaintiff as against the defendants, or either of them; further, that the defendant Glens Falls Gas and Electric Light Company recover of the plaintiff the Hudson River Water Power Company the sum or $3,750, with interest on half thereof from November 20, 1902, and on the other half thereof from December 20, 1902, together with the sum of $131.82 costs, making all told the sum of $4,397.44, and that said defendant have execution therefor; that the other counterclaims of the defendant the Glens Falls Gas and Electric Light Company be dismissed upon the ground that neither at the time of the commencement of this action nor at the time of the interposition of said counterclaims had any cause of action in respect of the matters contained therein arisen in behalf of the defendant pleading the same as. against the plaintiff. As thus modified the judgment is affirmed, with costs to the defendant Portland Cement Company against the plaintiff, and without costs. to the other parties.

The People of the State of New York ex rel. Mary A. Williams, as Executrix, etc., and Others v. The Board of Canvassers of the County of Essex.— Motion. granted.

In the Matter of the Application of Jesse M. Wood and Others, Respondents, to Alter a Highway in the Town of Gilboa, etc., Appellant.— Motion for reargument granted.

The People of the State of New York ex rel. John F. Tietjen, Relator, v. Michael A. Reis, as Assessor of the City of Kingston, New York, and Others, Respondents.— It appearing that the assessment of relator, complained of, is excessive and unequal, such assessment is annulled, with fifty dollars costs and disbursements, on the opinion in *People ex rel. Connelly* v. *Reis* (ante, p. 748). No opinion. All concurred. Houghton, J., not voting, not being a member of this court at the time this decision was handed down.